J-S26035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                                           :
                   v.                             :
                                         :
FAKARADEEN LEE                        :
                                         :
           Appellant             :     No. 1493 MDA 2023

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000469-2023

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: OCTOBER 22, 2024**

Fakaradeen Lee appeals from the judgment of sentence imposed after a jury convicted him of endangering the welfare of a child ("EWOC").[1] He challenges the sufficiency of the evidence. Upon review, we affirm.

On January 7, 2023, Lee went to pick up his 16-year-old son, J.D., from J.D.'s mother's house and take him back to his house. Earlier that day, Lee got into an argument with J.D.'s mother. Lee was also upset with J.D. for supporting his mother in this argument. Nevertheless, Lee told J.D. he was coming to get him.

When Lee arrived, J.D. came out to the car, sat in the front passenger seat, and closed the door. Lee asked him why he did not have his backpack and other things with him. J.D. told Lee he did not want to go with him. J.D.

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

then opened his door and started to get out of the car. J.D. was half in the car and half out when Lee grabbed J.D. by his sweatshirt and started driving at about 15 to 20 miles per hour down the street with J.D.'s feet dragging along. J.D. told him to stop, but Lee told him to get in the car. J.D. said he would if Lee stopped the car. Lee stopped, and J.D. ran out of the car and into his mother's house. Lee chased J.D. into the house and got into a verbal and physical confrontation with J.D. and his mother, as Lee tried to pull J.D. back down the steps. J.D.'s sister called the police. Lee was arrested and charged with several offenses.

A jury trial was held eight months later on August 1, 2023. At the close of trial, the trial court granted Lee's motion for a demurrer as to burglary and simple assault. The jury then found Lee guilty of EWOC but acquitted him of recklessly endangering the welfare of a child. On October 1, 2023, the court sentenced Lee to 6 to 24 months less one day of incarceration.

Lee filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Lee raises the following single issue:

I. Was [the] evidence sufficient to prove [Lee] guilty beyond a reasonable doubt of one count of [EWOC]?

Lee's Brief at 7.

Lee challenges the sufficiency of the evidence to sustain his conviction for EWOC. Specifically, he argues that the evidence failed to establish that

his son was in a situation where his physical or psychological welfare was threatened. Alternatively, Lee argues that, if his son was threatened, the Commonwealth failed to establish that Lee did not act to protect his child's welfare. Lee's Brief at 13. We disagree.

In reviewing a sufficiency of the evidence claim,

we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

The EWOC statute provides that "[a] parent ... supervising the welfare of a child under 18 years of age . . . commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or

support." 18 Pa.C.S.A. § 4304(a)(1). The Court has developed a three-part test to prove the intent element of EWOC:

> (1) the accused [was] aware of his/her duty to protect the child;
>
> (2) the accused [was] aware that the child [was] in circumstances that could threaten the child's physical or psychological welfare; and
>
> (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*See Commonwealth v. Bryant*, 57 A.3d 191, 197 (Pa. Super. 2012) (excessive brackets and citations omitted). Further, in determining whether a parent or guardian's conduct is sufficient to support a conviction under Section 4304(a)(1), courts must consider whether the conduct at issue offends the "common sense of the community" and the "sense of decency, propriety and the morality which most people entertain." *Commonwealth v. Lynn*, 114 A.3d 796, 818 (Pa. 2015) (citation omitted).

Preliminarily, we observe, as the trial court did, that Lee failed to set forth his sufficiency claim in his Rule 1925(b) statement and statement of questions involved with the requisite specificity. Lee merely claimed that the evidence was insufficient to support his conviction for EWOC; he did not identify which element(s) the Commonwealth allegedly failed to establish. As such, Lee waived his sufficiency claim. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (holding sufficiency claim waived where the Rule 1925(b) statement did not specify which element(s) the appellant was

challenging). Even if Lee did not waive this issue, we would conclude that there was sufficient evidence to sustain his conviction for EWOC.

Here, the Commonwealth presented sufficient evidence to establish that Lee possessed the requisite intent. There was no dispute that Lee, as J.D.'s father, knew he had a duty to protect J.D satisfying the first component. Regarding the other two components, J.D. testified at trial as follows:

Q: [] When your father pulled up, what did you do?

A: I went out to the car and had entered it.

Q: [] Did you go into the passenger side?

A: Yes.

Q: []Did you lean down and say something to your father?

A: No, I entered the car.

Q: [] Did you fully enter the vehicle?

A: Yes.

Q: And what happened then?

A: He had asked me where my stuff was. I said it's in the house. And he asked me why didn't I bring it. I told him because I don't want to go home. And then he said, come here. And I went to go get out the car to get my stuff and he grabbed me by my hood and started driving down the street.

Q: [] So at this point when you first get in the vehicle, is the passenger side door closed or open?

A: When I first get in?

Q: Yes.

A: It's closed.

Q: So then you go — you tell him that you didn't want to go and that you weren't getting your stuff and go to leave the vehicle?

A: Yes.

Q: [] At that point do you open the car door?

A: Yes.

Q: [] And you begin to step out of the vehicle?

A: Yes.

Q: [] And then your father grabbed your hoodie?

A: Yes.

Q: So he grabbed you by where on your hoodie?

A: Like right here.

Q: By your neck?

A: Yes.

Q: [] And then what happened?

A: Then he starts to drive down the street and I'm telling him to stop. And when — he says, get in the car. I said, okay, just as long as you stop. So when he stops, I pull away and I run towards my mother's house.

Q: [] When he grabs your hoodie initially when you are trying to get out of the vehicle, are you half in and out of the vehicle?

A: Yes.

Q: So are your feet dragging along the road?

A: Yes.

Q: Do you recall approximately how fast he started driving?

A: About 15/20 miles per hour.

Q: [] And were your feet dragging along?

A: Yes.

Q: And then finally how do you get him to stop?

A: I tell him I will get in the car if he stops.

Q: [] And then does he in fact stop the vehicle?

A: Yes.

Q: [] And when he stops the vehicle, what do you do?

A: I pull away from him and I start to run.

N.T., 8/1/23, at 38-40.

This testimony was sufficient to establish that Lee was aware that his son's welfare was threatened, and that Lee did not act in a manner reasonably expected to protect his child's welfare. As the trial court noted, this incident occurred during an emotionally charged argument; Lee was angry with his son because he did not want to go with him. J.D. stated that he opened the car door, was getting out, and Lee grabbed him by his collar. J.D. further indicated that Lee started driving the car and would not stop until J.D. agreed to get back in the car and go with him. Thus, the jury could reasonably infer that Lee knew J.D. was partially out of the vehicle when Lee pulled away and grabbed J.D. to prevent him from getting out of the vehicle so he would go with him. Additionally, the jury could infer from Lee's refusal to stop driving until J.D. got back in the car that Lee was not acting in a way to protect J.D.'s welfare.

Furthermore, although Lee testified that he was looking straight ahead and unaware that J.D. was hanging out of the car and stopped when he realized what was happening, "[t]he factfinder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Frein*, 206 A.3d 1049, 1063 (Pa. 2019). We "may not reweigh the evidence or substitute our own judgment for that of the fact finder." *Koch*, 39 A.3d at 1001.

Based upon our review of the record and viewing the evidence in a light most favorable to the Commonwealth, we would conclude that the evidence was sufficient to sustain Lee's conviction for EWOC if Lee had not waived his claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024